## 9966. JOHNS v. JONES et al.

The evidence in the forcible entry and detainer proceeding authorized the verdict in favor of the defendants; and the plaintiff's petition for certiorari does not show such error as would require a reversal of the judgment refusing to sanction the certiorari.

DECIDED JUNE 12, 1919.

Petition for certiorari; from Jeff Davis superior court—Judge Highsmith. June 8, 1918.

W. W. Bennett, for plaintiff.

M. D. Dickerson, J. Mark Wilcox, S. D. Dell, for defendants.

LUKE, J. This case arises by reason of the judge of the superior court refusing to sanction a certiorari. In his order refusing sanction he says: "The question presented is whether the within petition for certiorari should be sanctioned. It appears that petitioner was put out of possession of certain realty by the sheriff of Jeff Davis county, acting under a writ of possession against J. W. Hinson; whereupon petitioner instituted a forcible entry and detainer proceeding against the persons put in possession by the sheriff. Upon the trial of the issue the jury found in favor of the defendants, and the question is whether under the evidence the jury was authorized to find in favor of the right of the sheriff to dispossess petitioner under the writ of possession against Hinson. The writ of possession appears to have been issued some months before being finally executed. If judicial cognizance may be taken of Supreme Court judgments, it would appear that just prior to the time of executing the writ of possession a case involving the property and between the parties indicated by the writ of possession was disposed of in the Supreme Court. The evidence indicates that Hinson was in possession of the property until just prior to the time when it was sought to execute the writ of possession. It further shows that just a few days prior to that time, Hinson vacated and petitioner entered into possession. The testimony is, that Hinson did not surrender to any person; that petitioner went into possession under Mrs. Ward, administratrix; that the stock, plow tools, and other things of Hinson were left on the place. No explanation is offered as to why Mrs. Ward undertook to put petitioner in possession. So that we have the case of a man against whom a writ of possession was about to be enforced quite suddenly in the month of April abandoning a farm without

explanation, without surrendering it to any person or making any arrangement about it, and another man quite suddenly, and immediately in connection, taking possession of the farm, the stock, the tools, the produce on the place, without any other explanation than that he was put in possession by Mrs. Ward, administratrix, on whose part the evidence does not in anywise indicate possession or the right of possession. It appears to me that under these and other circumstances appearing in the record the jury was authorized to infer that petitioner entered into possession under Hinson, and, if so, having been put out of possession by the sheriff under a writ of possession against Hinson, could not regain possession by a forcible entry and detainer proceeding. As to the alleged disqualified juror, the evidence upon the trial did not anywhere indicate the presence upon the property of J. L. Turner. The circumstance of putting an outside person on the property with a rifle would appear to me to be anything but commendable; but if the original entry was lawful, I do not think this circumstance would affect the result. It appears proper to deny sanction, and accordingly it is so ordered."

The evidence of what was done to hold possession of the property by the defendant after he was placed in possession does not indicate force in the obtaining of possession. The evidence fails to disclose any right of possession in Johns. The jury was summoned by agreement; and we do not think the petition for certiorari shows such error as requires us to reverse the judgment refusing to sanction the certiorari.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*